# United States Court of Appeals for the Fifth Circuit

---

No. 25-20565
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

July 8, 2026

Lyle W. Cayce
Clerk

LAW OFFICE OF JOSEPH ONWUTEAKA, P.C.,

*Plaintiff—Appellant*,

*versus*

CONSTANT CONTACT, INCORPORATED,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:25-CV-1989

---

Before HIGGINBOTHAM, ENGELHARDT, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

The Law Office of Joseph Onwuteaka, P.C. paid Constant Contact, Inc. for email marketing services. The law office sued alleging Constant Contact never performed. The district court dismissed the law office's claims for lack of personal jurisdiction, or, in the alternative, for insufficient

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

pleading. As we agree that the law office did not establish personal jurisdiction over Constant Contact, we AFFIRM.

Onwuteaka's law practice is based in Texas, while Constant Contact is a citizen of Delaware and Massachusetts. "A 'federal court sitting in diversity may assert jurisdiction if (1) the state's long-arm statute applies, as interpreted by the state's courts; and (2) if due process is satisfied under the fourteenth amendment to the United States Constitution.'" *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (quoting *Cycles, Ltd. v. W.J. Digby, Inc.*, 889 F.2d 612, 616 (5th Cir. 1989)). In Texas, these inquiries collapse because the state long-arm statute extends as far as federal due process allows. *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994).

We ask (1) whether the nonresident defendant purposefully availed itself of the forum state's protections by establishing "minimum contacts" there, *Int'l. Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945), and (2) whether exercising jurisdiction over the nonresident defendant will offend "traditional notions of fair play and substantial justice," *Asahi Metal Indus. Co., Ltd. v. Superior Ct. of California, Solano Cnty.*, 480 U.S. 102, 105 (1987) (citation omitted). "The plaintiff bears the burden of establishing a district court's jurisdiction over a non-resident, but it need only make a prima facie case if the district court rules without an evidentiary hearing." *Johnston*, 523 F.3d at 609 (citation omitted). We review personal jurisdiction issues *de novo*. *Id.*

The law office establishes neither general nor specific personal jurisdiction over Constant Contact.

General personal jurisdiction exists when a non-resident defendant has "continuous and systematic" contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984). Besides a conclusory statement that Constant Contact "maintains an Agent for Service

in Texas, and has had continuous and systematic contacts" there, the amended complaint fails to establish an ongoing, regular connection with Texas that would confer general personal jurisdiction. That is not enough.

As for specific personal jurisdiction, we apply a three-step test. We consider "(1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *Shambaugh & Son, L.P. v. Steadfast Ins. Co.*, 91 F.4th 364, 372 (5th Cir. 2024) (citations omitted). Here, again, the law office offers nothing but bare allegations that are insufficient.

The law office claims Constant Contact "contract[ed] . . . with a Texas resident" for performance in Texas. But "[t]he Supreme Court has long held that 'an individual's contract with an out-of-state party alone [cannot] automatically establish sufficient minimum contacts in the other party's home forum.'" *Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 544 (5th Cir. 2019) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985)) (emphasis removed); *see also Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 344 (5th Cir. 2004) (holding that "engaging in communications related to the execution and performance of the contract, and the existence of a contract between the nonresident defendant and a resident of the forum[,] are insufficient" to show minimum contacts). We must go further and evaluate the parties' "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing." *Burger King*, 471 U.S. at 479. Yet the law office pleads almost no facts on point, falling short of its burden to state a prima facie case for personal jurisdiction.

No. 25-20565

The law office also claims Constant Contact "committed a tort . . . in Texas." But even taking that as true, the mere fact that any "tort is deemed to have occurred in whole or in part in Texas is simply not dispositive of whether jurisdiction is appropriate." *Wilson*, 20 F.3d at 648. As already described, the law office has not pled those other "affiliating circumstances that are a necessary predicate to any exercise of state-court jurisdiction" in Texas. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980). So a federal court in Texas (and our court on appeal) cannot exercise personal jurisdiction without some stronger tie between Constant Contact and the forum state.

We agree with the district court that there is no jurisdiction. As the district court did not abuse its discretion by denying further leave to amend the complaint, *see Moore v. Manns*, 732 F.3d 454, 456 (5th Cir. 2013), the dismissal with prejudice is AFFIRMED.